IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CODY ARREDONDO, # 014121, | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:22-cv-1810-B-BN |
| STATE OF TEXAS, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Cody Arredondo, an inmate at the Ellis County jail, filed a *pro se* Petition for Writ of Habeas Corpus for Person in Need of Hospitalization but Left in Jail [Dkt. No. 3], which has been construed seeking relief under 28 U.S.C. § 2241. United State District Judge Jane J. Boyle referred the habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition without prejudice to Arredondo's right to pursue available state remedies.

"[P]risoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)). That is, they are "entitled to raise constitutional claims in a federal habeas

proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Arredondo's detention at the jail satisfies the first, "in custody" requirement.

But Arredondo must also exhaust "available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
> 
>   A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses

prematurely in federal court" is not allowed.).

Arredondo's failure to make this showing, *see generally* Dkt. No. 3, requires that the Court dismiss the habeas petition without prejudice to allow him to pursue available state remedies.

And, insofar as Arredondo does not seek release from custody but filed the habeas petition to challenge the constitutionality of conditions of his confinement – for example that jail officials or employees have acted with deliberate indifference to his medical care – he should pursue relief in a civil suit under 42 U.S.C. § 1983 after exhausting available administrative remedies. *See Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("Both [the federal habeas statutes] and [Section] 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas." (footnotes omitted)); *see also Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) ("If 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995))).

## Recommendation

The Court should dismiss the pending habeas action without prejudice to Petitioner Michael Cody Arredondo's right to pursue available state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE